In re Hegna's Will, 133 Wis. 513.

In re Hegna's Will.

*November 8—November 26, 1907.*

*Wills: Construction.*

A will consisted of a printed blank in English with written portions in Norwegian, and was as follows (the italicised portion being a translation of that written in Norwegian and the unitalicised the unerased portions of the printed blank) : "After the payment of my just debts and funeral expenses, I give, devise, and bequeath to *the poor fund of Ness, with the understanding:* Second. I give, devise, and bequeath *for the most needy of same, and that shall be a fund to them. So all the regular poor tax shall be paid or apportioned same as foregoing, without reference to this money.* Fourth. I give, devise, and bequeath to ———." The net estate was $380, which, in case of intestacy, would be divided one sixth to a sister and the residue among thirteen nephews and nieces. *Held,* that the trial court was justified in deducing from the whole context of the will a purpose by the testator to bequeath his whole estate for the benefit of the charity named.

APPEAL from a judgment of the circuit court for Dunn county: E. W. HELMS, Circuit Judge. *Affirmed.*

The testator, a Norwegian, resident in this state, of advanced age, on November 24, 1903, executed in due form a writing admitted to probate as a will. The same consisted of a printed blank in English with certain written portions in Norwegian, and was as follows (the italicised portion being that written in Norwegian and the unitalicised the unerased portions of the printed blanks):

"After the payment of my just debts and funeral expenses, I give, devise, and bequeath to *the poor fund of Ness, with the understanding:*

"Second. I give, devise, and bequeath *for the most needy of same, and that shall be a special fund to them. So all the regular poor tax shall be paid or apportioned same as foregoing, without reference to this money.*

"Fourth. I give, devise, and bequeath to ————.

"Fifth. In case there shall not be sufficient of my property to fully comply with ———— provisions of this my last will, then I direct that ————.

"Sixth. I hereby nominate and appoint *Fred Mortenson* the executor of this my last will and testament, and hereby authorize and empower him, the said *F. Mortenson,* to compound, compromise, and settle any claim or demand which may be against or in favor of my said estate."

It was stipulated that Ness was a municipality in Norway. Testator's net estate upon the settlement of the executor's account was $380. He left him surviving one sister, residing in Wisconsin, and thirteen nephews and nieces, some of them residing in Wisconsin and some at Ness, in Norway. Both the county court, and the circuit court upon appeal, construed the will as giving the entire estate in trust for the poor at Ness, and the judgment of the circuit court assigned and distributed said residue to a trustee to apply to the relief of such poor. From that judgment some of the heirs at law bring this appeal.

For the appellants there was a brief by *Fleming & Blum* and *Bundy & Varnum,* and oral argument by *R. E. Bundy.*

*J. W. Macauley,* for the respondent.

DODGE, J. The will in question is probably unique, and a decision thereon hardly likely to affect any other case that may arise. Either the court must decide, from the will itself in the light of all the circumstances, what property the testator intended to leave for the benefit of the poor of Ness, or it must decide that it leaves nothing to them. We are therefore confronted with an alternative which, if resolved in the latter manner, surely defeats whatever testamentary purpose Ole Hegna had, for he certainly intended to leave something to this charitable purpose. If, on the other hand, Hegna did intend to give but a portion of his small estate for that purpose, and to leave the rest to be distributed amongst his very numerous but rather remote heirs at law, then of course that intention is defeated by the construction adopted by the court below. It is, however, a choice between certain defeat of the testamentary purpose and mere possibility of such defeat. The small amount of the estate is an item of some significance in deciding whether testator was likely to have desired to split it up, especially as the further division of any residue amongst his heirs at law would result in very trivial benefit to each; the only surviving sister being entitled to but one sixth thereof and some of the nephews and nieces to only one twenty-fourth thereof each. Again is the fact apparent upon the face of the will, that, although the printed blank invited a designation of any legatee or beneficiary other than the poor fund, the testator in effect refused to specify any such, which is at least an indication that he meant no portion of his estate to pass to any other beneficiary. These considerations are in a degree aided by the probability that one formally executing a will intends thereby to dispose of all his property and not to leave portions to be distributed

otherwise than by his expressed wish. In view of all these considerations this court has concluded, with some hesitation, that the lower court was justified in deducing from the whole context of this will a purpose to bequeath the whole of the estate to the benefit of the charity named, and therefore that its judgment should not be disturbed.

*By the Court.*—Judgment affirmed.